UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM SENG COMPANY, a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>J & A IMPORTERS, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. CV 10-0742 CAS (MANx)<br><br>**ORDER RE: STIPULATION FOR PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation Re Protective Order, filed on September 29, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 3, 4, 9, 13, and 22 of the Stipulation Re Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" does not, in and of itself, create any entitlement to file such

- 1 -

1  information, document, or thing, in whole or in part, under seal. Accordingly,
2  reference to this Order or to the parties' designation of any information, document,
3  or thing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES
4  ONLY" is wholly insufficient to warrant a filing under seal.

5

6  There is a strong presumption that the public has a right of access to judicial
7  proceedings and records in civil cases. In connection with non-dispositive motions,
8  good cause must be shown to support a filing under seal. The parties' mere
9  designation of any information, document, or thing as "CONFIDENTIAL" or
10 "CONFIDENTIAL - ATTORNEYS EYES ONLY" does not -- without the
11 submission of competent evidence, in the form of a declaration or declarations,
12 establishing that the material sought to be filed under seal qualifies as confidential,
13 privileged, or otherwise protectable -- constitute good cause.

14

15 Further, if sealing is requested in connection with a dispositive motion or
16 trial, then compelling reasons, as opposed to good cause, for the sealing must be
17 shown, and the relief sought shall be narrowly tailored to serve the specific interest
18 to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
19 Cir. 2010). For each item or type of information, document, or thing sought to be
20 filed or introduced under seal in connection with a dispositive motion or trial, the
21 party seeking protection must articulate compelling reasons, supported by specific
22 facts and legal justification, for the requested sealing order. Again, competent
23 evidence supporting the application to file documents under seal must be provided
24 by declaration.

25

26 Any document that is not confidential, privileged, or otherwise protectible in
27 its entirety will not be filed under seal if the confidential portions can be redacted.
28 If documents can be redacted, then a redacted version for public viewing, omitting

- 2 -

**ORDER RE: STIPULATION FOR PROTECTIVE ORDER** – CV 10-0742 CAS (MANx)

only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## **TERMS OF STIPULATION RE PROTECTIVE ORDER**

1. Definitions

For purposes of the Order:

"Confidential Information" shall mean trade secrets, know-how, confidential research, proprietary data or any other technical, commercial, business or financial information which is maintained in confidence by a party, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in conformity with this Order.

"Producing Party" or "Designating Party" shall mean the party (and its Outside Counsel) who is producing information to any other party.

"Receiving Party" or "Non-Designating Party" shall mean the party (and its Outside Counsel) who is the recipient of information requested by the Receiving Party and supplied by the Producing Party.

"Attorney" or "Counsel" shall mean the law firms engaged by the parties to represent them in this litigation, namely:

| Attorneys for Plaintiff | Attorneys for Defendant |
|---|---|
| Ernest E. Price<br>Arnold E. Sklar<br>ROPERS, MAJESKI, KOHN & BENTLEY<br>515 South Flower Street, Suite 1100<br>Los Angeles, CA  90071-2213 | Allen P Lohse<br>Miles J. Feldman<br>LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503 |

Any and every in-house attorney for either party are expressly excluded from the definition of "Attorney" or "Counsel."

"Independent Experts" shall mean expert witnesses or consultants engaged by the parties in preparation for trial and/or for trial. "Independent Experts" does not include any person who is employed by a party or a competitor of a party.

"Confidential - Attorneys Eyes Only" or words of similar import (including "Restricted Confidential - Attorney's Eyes Only" or "Confidential - Attorneys Eyes Only" or the like) is a designation which a party may use on documents and things which in good faith it believes contains or is Confidential Information not normally available to persons other than the Producing Party, is competitively significant and commercially sensitive, and hence should be subject to more restrictive dissemination than other Confidential Information.

"Confidential" is a designation for Confidential Information which is other than "Confidential - Attorneys Eyes Only."

2. Each party to this litigation who produces or discloses to the opposing party, whether through a witness or otherwise, any confidential document or thing which the Producing Party wishes to be subject to this Protective Order may designate the same as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS EYES ONLY." Such designation shall be made by stamping or affixing thereto a legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," respectively. With respect to Confidential Information which cannot be conveniently designated in such manner, designation shall be made by informing the receiving party in writing prior to or concurrently with the disclosure of such information subject to the provisions of paragraphs 9 and 10 herein. All Confidential Information designated as provided in this paragraph 1 shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with the instant litigation,

unless and until such designation is removed by notice from the Producing Party, agreement of Counsel for the parties, or by Order of the Court. All produced Confidential Information shall be carefully maintained, subject to the provisions of paragraph 7 herein, so as to preclude access by persons who are not authorized herein to receive such information.

3. Information designated "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be viewed solely by the following persons:

(a) Receiving Party's authorized Attorney, including: authorized Attorney's associates, clerks, paralegal and stenographic personnel;

(b) Litigation specialists engaged to assist Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

(c) Independent Experts (subject to paragraph 5); and

(d) The Court, court employees, and members of the jury.

4. Information designated "CONFIDENTIAL" shall be viewed solely by the following persons; provided that as to the classes of individuals listed in subparagraphs (c)-(g) below each such individual who receives such Confidential Information has read this Protective Order in advance of disclosure and acknowledged in a written instrument, substantially in the form of Attachment A hereto, that he or she is fully familiar with the terms of this Protective Order and agrees to comply with, and be bound by, such Order until modified by further Order of this Court. A copy of such duly executed, written instrument shall be maintained by Counsel for the Receiving Party's Counsel.

(a) Counsel, including Counsel's associates, paralegal, clerks and stenographic personnel;

(b) Litigation specialists engaged to assist Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

(c) Executives, including in-house attorneys and Directors of a party who are required to participate in policy decisions with reference to this action;

(d) Litigation specialists assigned by any insurer involved in defending this action;

(e) Employees of a party who need to be consulted by Counsel in preparation for discovery or trial of this action;

(f) Independent Experts retained by the parties (subject to paragraph 5);

(g) Clerical employees associated with the individuals enumerated above in (c)-(f); and

(h) The Court, court employees, and members of the jury.

5. With respect to litigation specialists engaged to assist Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, litigation or trial support services, the parties agree that the mere receipt of documentary or other evidence by such specialists will not subject such individuals to deposition unless they are expected to be called as witnesses at trial.

6. Before any disclosure is made to an Independent Expert, such Independent Expert shall first be identified to Counsel for the opposing party and shall acknowledge in a written instrument, substantially in the form of Attachment A hereto, that he or she is fully familiar with the terms of this Protective Order and agrees to comply with, and be bound by such Order until modified by further Order of this Court. The duly executed, written instrument shall be provided to and maintained by Counsel for the Designating Party. At least five (5) business days before any Confidential Information is disclosed to an Independent Expert, the

party disclosing such shall notify the Designating Party's Counsel of such proposed disclosure, by facsimile, including the name and business affiliation of the Independent Expert. Counsel for the opposing party shall have the right to object for good cause to such proposed disclosure to the Independent Expert, and should such objections be made, no disclosure shall be made to such objected-to person without leave of the Court. Failure of the opposing Counsel to object in writing, received by the other party within said five (5) business day period, will signify that the opposing party has no objection to the disclosure and the disclosure may then be made pursuant to the terms of this Order.

7. With respect to documents designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same. In the case where such person is not presently an employee of any party to this action, such person shall not be shown such Confidential Information unless and until that person has read this Protective Order and agreed in writing, in a form substantially similar to that of Attachment A hereto, to be bound by its terms.

8. All Confidential Information which has been designated as provided in paragraph 1 by the Producing or Disclosing Party, and any and all reproductions thereof, shall be retained by the Receiving Party only in the custody of its Counsel, except that Independent Experts authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

9. If any documents designated as provided in paragraph 1, or any pleadings, motions or other papers disclosing Confidential Information, are to be

filed with or delivered to the Court for any purpose, the proposed filing shall be accompanied with an application to file the papers or confidential portion thereof (if such portion is segregable) under seal in accordance with the requirements of Rule 79-5 of the Local Civil Rules. Such application shall be directed to the judge to whom the papers are directed. Where possible, only portions of the filings with the Court which contain Confidential Information shall be filed under seal. In connection with any hearing, trial, or proceeding concerning this action before the Court, Counsel may apply to the Court for *in camera* treatment of any Confidential Information necessary for disclosure in relation to such hearing, trial or proceeding. Nothing in this Stipulated Protective Order shall prohibit the admission of Confidential Information into evidence if such information is otherwise admissible under the rules of evidence.

10. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

a. The deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Order. Such designation shall be made on the deposition record whenever possible, or upon review of such transcript by counsel for the party or person disclosing any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information, but no later than seven (7) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the number of each page of the transcript containing "CONFIDENTIAL" Material or "CONFIDENTIAL - ATTORNEYS EYES ONLY" Material, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof. Counsel making a designation after the transcript is prepared shall at his/her sole expense cause revised transcripts to be prepared and delivered to each party. Pending such designation by counsel, the entire deposition transcript,

including exhibits, shall be deemed "CONFIDENTIAL" Material, unless counsel during the deposition states that information is "CONFIDENTIAL - ATTORNEYS EYES ONLY" Material; if no designation is made within seven (7) days after counsel's receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" Material or "CONFIDENTIAL - ATTORNEYS EYES ONLY" Material except as designated on the record during the deposition.

    b. The disclosing party shall have the right to exclude from attendance at said deposition during such time as Confidential Information is to be disclosed any person other than the deponent, Counsel (including their staff and associates), persons authorized by paragraphs 2 or 3 (as applicable) to view the information, and the Court Reporter, and the failure of such other persons to comply with such a request shall constitute substantial justification for Counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential Information and each Party waives attendance at depositions during disclosure of information designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY"; and

    c. The originals of said deposition transcripts and all copies thereof shall bear the legend "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or substantial equivalent, on the cover page and shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" or substantial equivalent as appropriate on the specific pages so designated.

    d. The parties may direct the court reporter at the deposition to keep confidential and not disclose any testimony that is designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY.

    11. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. At any time after production, the Producing Party can designate information thereafter to be treated as Confidential

Information. In such case, there shall be no liability of the Receiving Party for use prior to such post-production designation. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or seeking to challenge the appropriateness of such designation. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. The fact that a party has designated information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in this action shall have no evidentiary effect in this action and may not be commented upon by any party for any purpose (except in a motion pursuant to Paragraph 12) in papers filed herein, at hearings or before the jury except to advise that the information is then designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

In the case of physical inspections or on site visits which occur by court order, discovery request, or the agreement or stipulation of counsel, the Party allowing the inspection may designate in advance, or contemporaneously with the inspection, items and areas of the plant, office, or warehouse which contain CONFIDENTIAL, or CONFIDENTIAL - ATTORNEYS EYES ONLY materials. In such areas, the film, video tape, photograph, record or other such medium recording the area shall be maintained as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY (in accordance with the designation of the area).

12. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall

- 10 -
**ORDER RE: STIPULATION FOR PROTECTIVE ORDER** – CV 10-0742 CAS (MANx)

do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing or modifying this Order, notwithstanding any subsequent disposition of this action.

13. A party receiving a document or thing which has been designated pursuant to paragraph 1 by the Producing Party, may move the Court to remove or change such designation. Grounds for removal include, but are not necessarily limited to the following:

- the information provided by the document or thing is not Confidential because it is available in the public domain through no fault of the Receiving Party;
- the information provided by the document or thing is not Confidential because it was previously independently known to the Receiving Party;
- the information provided by the document or thing is not Confidential because it was received from a third party who lawfully possessed such information and had the unrestricted right to disclose such information and without breach of any relationship of confidentiality; or,
- the information provided by the document or thing is not Confidential because it was information developed from independent sources without use of the designated Confidential Information.
- Grounds for change in designation from a more restrictive to a less restrictive category include failure of the information to reasonably comply with the criteria set forth in the Definitions.

<u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (including by voice dialogue) with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

<u>Court Intervention</u>: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Producing Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Producing/Designating Party. Until this Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing/Designating Party's designation.

14. Immediately after entry of final judgment including appeals, or of dismissal in connection with this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as, or which contain information which has been designated as, "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be returned to the Designating Party. In lieu of returning such designated materials as

- 12 -
**ORDER RE: STIPULATION FOR PROTECTIVE ORDER** – CV 10-0742 CAS (MANx)

provided above, Counsel for the Receiving Party may certify in writing to the Counsel for the Designating Party that the materials have been destroyed.

15. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the dissemination of Confidential Information or seeking and obtaining relief from this Protective Order.

16. Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any party from disclosing or using, in any manner or for any purpose, any information or documents from the party's own file which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY.

17. This Protective Order may be amended by agreement of the parties, subject to the approval of the Court.

18. This Protective Order shall inure to the benefit of and be enforceable by third parties with respect to documents and information produced by them in the course of pretrial discovery, and designated by them as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" in the manner provided herein. Documents and information, including deposition testimony, received from a third party pursuant to a subpoena or equivalent process in foreign jurisdictions, which would otherwise legitimately be considered Confidential Information if produced by a party may be designated as such by the affected party. Such designation shall be made in a writing to each other party, or on an official record, which identifies specifically the document(s), information, or testimony to be designated, whether the designation is CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES

ONLY. Third party documents, information, or testimony so designated under this paragraph shall in all other respects be treated under the provisions of this Stipulated Protective Order as though produced by a party.

19. If a party or person in possession of Confidential Information as provided herein receives a subpoena from a non-party seeking production or other disclosure of Confidential Information which said party or person received from the Designating Party, then telephonic and written notice shall immediately be given to Counsel for the Designating Party of the subpoena, identifying the Confidential Information sought and arranging for transmission of a copy of the subpoena to said Outside Counsel. Where possible, at least ten (10) business days' notice shall be given before production or other disclosure is made pursuant to the subpoena. In no event, absent Court Order, shall production or disclosure be made before written notice is given. A party thus subpoenaed shall take all appropriate measures timely to advise any relevant Court or tribunal of the terms of this Stipulated Protective Order.

20. If Confidential Information is disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure shall upon discovery of the disclosure immediately inform the party whose information is disclosed of all facts pertinent thereto, which after due diligence and prompt investigation are known to the responsible party, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent further disclosure by each unauthorized person who has received such information.

21. Nothing herein shall bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this action, and in the course thereof, from

generally relying upon Confidential Information. In rendering such advice, Counsel shall not disclose the specific content of Confidential Information.

22. The limitations and restrictions in this Protective Order shall not apply to information, documents, or things introduced into evidence at trial, absent a further Court order.

**IT IS SO ORDERED.**

DATED: October 6, 2010  _____
  Margaret A. Nagle
  United States Magistrate Judge

# EXHIBIT A

AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER

I, _____, have received a copy of the Stipulation for Protective Order entered in the action entitled KIM SENG COMPANY v. J & A IMPORTERS, INC. (United States District Court, Central District of California, County of Los Angeles, Case No. CV 10-0742 CAS (MANx). I have carefully read and understand the provisions of the Protective Order. I agree that I will comply with all provisions of the Protective Order and will use any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information only for purposes of this action. At the end of this litigation or my involvement in this litigation, whichever occurs first, I will either destroy or return to counsel for the party by whom I am employed or retained all such "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents or information that comes into my possession.

Dated: _____          _____